IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:07-594-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| John Neyle Bennett, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion for modification or reduction of sentence based upon the recent Supreme Court decision of *Alleyne v. United States*, 570 U.S. ___, ___ S. Ct. ___, 81 U.S.L.W. 4444, 2013 WL 2922116 (U.S. June 17, 2013). *See* ECF No. 87. In this same filing, Defendant also seeks appointment of counsel to assist him in this matter.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on December 20, 2007, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion has passed. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3)

1

upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range). None of these circumstances applies to Defendant at this time.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant filed an appeal which was dismissed for failure to prosecute.

Defendant's motion does not allege that any of these circumstances applies. The court lacks jurisdiction to modify Defendant's sentence, and therefore, Defendant's motion is denied for lack of jurisdiction. Accordingly, Defendant's request for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 28, 2013